IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QCP INVESTORS, LLC, QCP INVESTORS II, LLC, and QUAD-C MANAGEMENT, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-542-KAJ |
| ARTHUR J. KOHLER, JR., GARY ANKERFELT, EMIL MAROTZKE, and ROBERT LARKIN, | ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs, | ) ) | |

## ANSWER AND COUNTERCLAIM

Defendants and Counterclaim Plaintiffs Arthur J. Kohler, Jr., Gary Ankerfelt, Emil Marotzke, and Robert Larkin (collectively, "Defendants"), by their undersigned attorneys, plead in response to the Complaint as follows:

### ANSWER

### The Parties

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted, except that Mr. Larkin's new address is 4341 Cheval Boulevard, Lutz, Florida 33558.

**Jurisdiction and Venue**

8. Admitted.

9. Admitted.

**Factual Background**

10. Defendants admit that Paribas Principal, Inc. ("PPI") and Transport Labor Contract Leasing, Inc. ("TLC") entered into a Stock Subscription Agreement, dated as of February 21, 1997 (the "Subscription Agreement"). Defendants neither admit nor deny the balance of the allegations of this paragraph on the grounds that the Subscription Agreement speaks for itself.

11. Defendants admit that they and PPI entered into an Indemnification Agreement, dated as of February 21, 1997 (the "Indemnification Agreement"). Defendants neither admit nor deny the balance of the allegations of this paragraph on the grounds that the Indemnification Agreement speaks for itself.

12. Defendants admit that PPI, Messrs. Kohler, Ankerfelt, and Marotzke, and Norwest Investment Services, as Escrow Agent, entered into an Escrow Agreement, dated as of February 21, 1997 (the "Escrow Agreement"), pursuant to which Messrs. Kohler, Ankerfelt, and Marotzke delivered an aggregate amount of $3,747,000 (the "Escrowed Amount") to the Escrow Agent. Defendants neither admit nor deny the balance of the allegations of this paragraph on the grounds that the Escrow Agreement speaks for itself.

13. Defendants admit that PPI and Mr. Larkin entered into a Pledge Agreement, dated as of February 21, 1997 (the "Pledge Agreement"). Defendants neither

admit nor deny the balance of the allegations of this paragraph on the grounds that the Pledge Agreement speaks for itself.

14. The first sentence is admitted. Defendants neither admit nor deny the second sentence on the grounds that the Investor Agreement speaks for itself.

15. Defendants neither admit nor deny this characterization of the Subscription Agreement on the grounds that the agreement speaks for itself.

16. Defendants neither admit nor deny this characterization of the Indemnification Agreement on the grounds that the agreement speaks for itself.

17. Defendants neither admit nor deny this characterization of the Indemnification Agreement on the grounds that the agreement speaks for itself.

18. Denied.

19. Defendants neither admit nor deny the allegations of this paragraph on the grounds that said claims by the IRS speak for themselves.

20. Defendants deny that "TLC was forced" to incur fees and expenses in the substantial amounts alleged.

21. The first sentence is admitted. Defendants neither admit nor deny the second sentence on the grounds that the Tax Court's rulings speak for themselves.

22. Admitted.

23. The first sentence is denied, except that it is admitted that the Tax Court's judgment relates in part to the years ended August 31, 1993, 1994, 1995, and 1996, all pre-closing periods under the Indemnification Agreement. Defendants lack knowledge or information sufficient to respond to the allegations of the second sentence of this paragraph.

24. Defendants admit that PPI sent them a letter dated August 17, 1998. Defendants neither admit nor deny the balance of the paragraph on the grounds that the letter and Indemnification Agreement speak for themselves.

25. Admitted.

26. Defendants neither admit nor deny the allegations of this paragraph on the grounds that the cited January 5, 2001 letter speaks for itself.

27. Defendants neither admit nor deny the allegations of this paragraph on the grounds that the March 17, 2005 letter speaks for itself.

28. Defendants neither admit nor deny the allegations of this paragraph on the grounds that the Escrow Agreement speaks for itself.

29. Defendants admit the allegations in the first sentence of this paragraph. Defendants neither admit nor deny the allegations of the second sentence of this paragraph on the grounds that the March 17, 2005 letter speaks for itself.

30. Denied.

### FIRST CAUSE OF ACTION
### (Indemnification)

31. Defendants incorporate their pleadings in Paragraphs 1 through 30 as if fully set forth herein.

32. Defendants neither admit nor deny the allegations in this paragraph on the grounds that the Subscription Agreement speaks for itself.

33. Defendants neither admit nor deny the allegations in this paragraph on the grounds that the Indemnification Agreement speaks for itself.

34. Defendants neither admit nor deny the allegations in this paragraph on the grounds that the Indemnification Agreement speaks for itself.

35. This paragraph is denied except that it is admitted that Defendants have not authorized any payment from the Escrowed Amount.

36. Defendants lack knowledge or information sufficient to respond to the allegations of this paragraph.

37. Denied.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment/Allocation)**

38. Defendants incorporate their pleadings in Paragraphs 1 through 37 as if fully set forth herein.

39. This paragraph states a legal conclusion as to which no responsive pleading is required.

40. This paragraph states a legal conclusion as to which no responsive pleading is required.

41. Defendants neither admit nor deny the allegations of this paragraph on the grounds that the Indemnification Agreement speaks for itself.

42. The first sentence is denied, except that it is admitted that the Tax Court's judgment relates in part to the years ended August 31, 1993, 1994, 1995, and 1996, all pre-closing periods under the Indemnification Agreement. Defendants lack knowledge or information sufficient to respond to the allegations of the second sentence of this paragraph.

43. Defendants deny that Plaintiffs are entitled to the declaratory judgment relief they seek.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment/Indemnification)

44. Defendants incorporate their pleadings in Paragraphs 1 through 43 as if fully set forth herein.

45. This paragraph states a legal conclusion as to which no responsive pleading is required.

46. This paragraph states a legal conclusion as to which no responsive pleading is required.

47. Defendants neither admit nor deny the allegations in this paragraph on the grounds that the Subscription Agreement speaks for itself.

48. Defendants neither admit nor deny the allegations in this paragraph on the grounds that the Indemnification Agreement speaks for itself.

49. Defendants neither admit nor deny the allegations in this paragraph on the grounds that the Indemnification Agreement speaks for itself.

50. Denied.

51. Defendants deny that plaintiffs are entitled to the declaratory judgment relief they seek.

## FOURTH CAUSE OF ACTION
### (Attorneys' Fees and Costs)

52. Defendants incorporate their pleadings in Paragraphs 1 through 51 as if fully set forth herein.

53. Defendants neither admit nor deny the allegations of this paragraph on the grounds that the cited agreements speak for themselves.

54. The first sentence is admitted. The second sentence states a legal conclusion as to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint may be barred in whole or in part by applicable statutes of limitations.

### Third Affirmative Defense

The Complaint may be barred in whole or in part by the doctrines of laches, waiver, or estoppel.

### Fourth Affirmative Defense

Plaintiffs have failed to join all parties needed, necessary, or indispensable for a just adjudication of this matter.

### Fifth Affirmative Defense

Plaintiffs lack standing to bring this action.

### Sixth Affirmative Defense

Some or all of Plaintiffs' claims may not be ripe for adjudication.

### Seventh Affirmative Defense

Plaintiffs knew about TLC's tax liabilities when they purchased their stock and are barred from bringing an action based on an allegation that the liabilities were not disclosed.

**WHEREFORE**, Defendants request that the Complaint be dismissed with prejudice and that Defendants be awarded their costs of suit, including reasonable attorneys' fees.

## COUNTERCLAIM

### Parties

1. The identification of the parties in Paragraphs 1 through 7 of the Complaint and Answer is incorporated herein by reference.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this counterclaim under the principles of ancillary jurisdiction and independently under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

3. The parties have agreed to submit to the jurisdiction of this Court with respect to all claims asserted herein. Venue is proper in this District under 28 U.S.C. § 1391, and the parties have also consented to such venue.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

4. Defendants repeat and reallege the allegations set forth in Paragraph 1 through 3 as if fully set forth herein.

5. This is a claim for a declaratory judgment pursuant to 28 U.S.C. § 2201.

6. Pursuant to Paragraph 2.3 of the February 21, 1997 Indemnification Agreement, TLC was given the exclusive authority to represent the interests of TLC with respect to pre-closing tax matters, including the matters which relate to Defendants' alleged indemnification obligations in this action.

7. In mid- to late-1997, TLC was advised that the IRS would settle TLC's pre-closing tax liability for $1.2 million.

8

8. TLC elected not to pursue a settlement of the pre-closing liability and elected instead to pursue a Technical Advice Ruling which TLC deemed to be in its future best interests. TLC made this decision while under the control of Plaintiffs' predecessor-in-interest, PPI.

9. TLC suffered an adverse judgment in the Tax Court for significantly more than $1.2 million and incurred legal and other expenses which would not have been necessary if the action had settled.

10. TLC, PPI, and Plaintiffs, as PPI's successors, have an implied duty of good faith and fair dealing under the Indemnification Agreement to use their exclusive control of TLC's settlement strategy in an even-handed way.

11. It would be a breach of TLC's, PPI's, and Plaintiffs' duty to permit them to reject a settlement for reasons of their own and then seek, as they do in this action, to collect a higher judgment amount from Defendants as indemnitors.

12. There is an actual and justiciable controversy concerning the rights and legal relations of the parties requiring determination by the Court.

13. Defendants seek a declaration that any liability which they may have under the Indemnification Agreement is no more than $1.2 million plus related costs incurred on or before December 31, 1997.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment)**

14. Defendants repeat and reallege the allegations set forth in Paragraph 1 through 13 as if fully set forth herein.

15. This is a claim for a declaratory judgment pursuant to 28 U.S.C. § 2201.

9

16. The Indemnification Agreement identified expressly limits Defendants' potential tax-related liabilities thereunder, including losses, claims, and expenses related to such liabilities.

17. Specifically, Section 1.1 of the Indemnification Agreement (i) limits the responsibility of each defendant to a specified "Shareholder's Indemnification Responsibility," and (ii) precludes recourse by any indemnified person "against any Shareholder or such Shareholder's assets (other than the Pledged Stock or Escrowed Amount)."

18. In derogation of the limits on liability prescribed by the Indemnification Agreement, Plaintiffs seek a declaratory judgment determining that Defendants are jointly and severally liable for the payment of TLC's Pre-Closing Tax Liability in whatever final amount is determined after the conclusion of the tax litigation brought by the IRS against TLC (Complaint, ¶ 43 and Prayer B).

19. There is an actual and justiciable controversy concerning the rights and legal relations of the parties requiring determination by the Court.

20. Defendants seek a declaration that any obligation which they may have with respect to the Pre-Closing Tax Liability and related expenses is no more than the "Shareholder's Indemnification Responsibility" of each defendant specified in Section 1.1 of the Indemnification Agreement.

### THIRD CAUSE OF ACTION
### (Attorneys' Fees and Costs)

21. Defendants repeat and reallege the allegations of Paragraphs 1 through 20 as if fully set forth herein.

22. Section 5.10(e) of the Indemnification Agreement provides that "the prevailing party or parties, as the case may be, in any action, suit, arbitration or other proceeding arising out of or with respect to this Agreement or the transactions contemplated thereby shall be entitled to reimbursement of all costs of litigation, including reasonable attorneys' fees, from the non-prevailing party." Section 5.10(e) further provides that the determination by the Court of each of the "prevailing party" and the "non-prevailing party" shall be made part of the judgment rendered by the Court in this action.

23. Defendants have and will incur attorneys' fees, costs, and expenses in connection with the defense of this action and prosecution of their counterclaim. If Defendants prevail in this action, Plaintiffs are obligated to reimburse Defendants for all costs of this litigation, including reasonable attorneys' fees, in an amount to be determined, under the terms of the Indemnification Agreement.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants request the Court to enter judgment against Plaintiffs as follows:

A. On the first cause of action, entering a judgment declaring that any obligation which Defendants may have with respect to the Pre-Closing Tax Liability and related expenses is no more than $1.2 million and related tax litigation expenses incurred as of December 31, 1997;

B. On the second cause of action, entering a judgment declaring that any obligation which Defendants may have with respect to the Pre-Closing Tax Liability

and related expenses is no more than the "Shareholder's Indemnification Responsibility" of each defendant specified in Section 1.1 of the Indemnification Agreement;

  C. On the third cause of action, (i) declaring that, pursuant to Section 5.10(e) of the Indemnification Agreement, Defendants are "prevailing parties," and Plaintiffs are "non-prevailing parties"; and (ii) awarding Defendants their costs and expenses in defending the action and prosecuting their counterclaim, including their reasonable attorneys' fees and costs, in an amount to be determined; and

  D. Awarding Defendants such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: _____
Gregory A. Inskip (ID No. 270)
John E. James (ID No. 996)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware  19899-0951
(302) 984-6000
ginskip@potteranderson.com
jjames@potteranderson.com

*Attorneys for Defendants*

Dated: October 18, 2005
702778 / 29380