IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QCP INVESTORS, LLC, QCP INVESTORS II, LLC and QUAD-C MANAGEMENT, INC.,<br><br>       Plaintiffs and<br>       Counterclaim Defendants,<br>v.<br><br>ARTHUR J. KOHLER, JR., GARY ANKERFELT, EMIL MAROTZKE and ROBERT LARKIN,<br><br>       Defendants and<br>       Counterclaim Plaintiffs. | Civil Action No. 05-542-KAJ |

## REPLY AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiffs QCP Investors, LLC, QCP Investors II, LLC and Quad-C Management, Inc. ("Plaintiffs"), by and through their undersigned counsel, hereby reply to the counterclaims ("Counterclaims") of Defendants, Arthur J. Kohler, Jr., Gary Ankerfelt, Emil Marotzke and Robert Larkin ("Defendants"), as follows:

1. Paragraph 1 contains allegations to which no responsive pleading is required.

2. Admit the allegations contained in paragraph 2 of the Counterclaims.

3. Admit the allegations contained in paragraph 3 of the Counterclaims.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

4. With respect to paragraph 4 of the Counterclaims, repeat each response to the allegations contained in paragraphs 1 through 3 of the Counterclaims as if fully set forth herein.

5. The allegations in Paragraph 5 of the Counterclaims contain legal argument and conclusions regarding Defendants' characterization of the relief sought in the Counterclaims as

to which no responsive pleading is required. To the extent a response is deemed required, Plaintiffs deny such allegations.

6. Admit to the existence of the Indemnification Agreement dated as of February 21, 1997 (the "Indemnification Agreement"). Plaintiffs neither admit nor deny Defendants' characterization of the Indemnification Agreement and respectfully refer the Court to the Indemnification Agreement for its true and complete terms.

7. Deny the allegations contained in paragraph 7 of the Counterclaims.

8. Deny the allegations contained in paragraph 8 of the Counterclaims.

9. Deny the allegations contained in paragraph 9 of the Counterclaims, and aver that the U.S. Tax Court, on or about August 18, 2004, entered a decision providing that TLC is liable for a pre-closing tax deficiency in the amount of $5,252,551 plus interest, penalties or other charges, in an amount to be determined.

10. The allegations in Paragraph 10 of the Counterclaims contain legal argument and conclusions to which no responsive pleading is required. To the extent a response is deemed required, Plaintiffs deny such allegations.

11. The allegations in Paragraph 11 of the Counterclaims contain legal argument and conclusions to which no responsive pleading is required. To the extent a response is deemed required, Plaintiffs deny such allegations.

12. The allegations in Paragraph 12 of the Counterclaims state a conclusion of law as to which no responsive pleading is required.

13. The allegations in Paragraph 13 of the Counterclaims contain legal argument and conclusions regarding Defendants' characterization of the relief sought in the Counterclaims as

to which no responsive pleading is required. To the extent a response is deemed required, Plaintiffs deny such allegations.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

14. With respect to paragraph 14 of the Counterclaims, repeat each response to the allegations contained in paragraphs 1 through 13 of the Counterclaims as if fully set forth herein.

15. The allegations in Paragraph 15 of the Counterclaims contain legal argument and conclusions regarding Defendants' characterization of the relief sought in the Counterclaims as to which no responsive pleading is required. To the extent a response is deemed required, Plaintiffs deny such allegations.

16. Deny the allegations contained in paragraph 16 of the Counterclaims, except admit to the existence of the Indemnification Agreement and respectfully refer the Court to the Indemnification Agreement for its true and complete terms

17. Deny the allegations contained in paragraph 17 of the Counterclaims, except admit to the existence of the Indemnification Agreement and respectfully refer the Court to the Indemnification Agreement for its true and complete terms.

18. Deny the allegations contained in Paragraph 18 of the Counterclaims, and respectfully refer the Court to the Complaint for its true and complete terms.

19. The allegations in Paragraph 19 of the Counterclaims state a conclusion of law as to which no responsive pleading is required.

20. The allegations in Paragraph 20 of the Counterclaims contain legal argument and conclusions regarding Defendants' characterization of the relief sought in the Counterclaims as to which no responsive pleading is required. To the extent a response is deemed required, Plaintiffs deny such allegations.

## THIRD CAUSE OF ACTION
### (Attorneys' Fees and Costs)

21.    With respect to paragraph 21 of the Counterclaims, repeat each response to the allegations contained in paragraphs 1 through 20 of the Counterclaims as if fully set forth herein.

22.    Plaintiffs neither admit nor deny Defendants' characterization of the Indemnification Agreement and respectfully refer the Court to the Indemnification Agreement for its true and complete terms.

23.    The allegations contained in Paragraph 23 of the Counterclaims contain legal argument and conclusions regarding Defendants' characterization of the relief sought in the Counterclaims as to which no responsive pleading is required. To the extent a response is deemed required, Plaintiffs deny such allegations, except deny knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 23.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Counterclaims may be barred, in whole or in part, by the doctrines of waiver, laches, estoppel and other equitable doctrines.

### Third Affirmative Defense

The Counterclaims are barred in whole or in part by the express terms of the (i) Indemnification Agreement, dated as of February 21, 1997, (ii) Stock Subscription Agreement, dated as of February 21, 1997, (iii) the Escrow Agreement, dated as of February 21, 1997, and/or (iv) the Pledge Agreement, dated as of February 21, 1997.

Plaintiffs reserve the right to assert other defense or claims when and if they become appropriate in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs QCP Investors, LLC, QCP Investors II, LLC and Quad-C Management, Inc. requests that the Court enter judgment as follows:

(a) entering judgment against Defendants for the relief sought by Plaintiffs in the Complaint, dated July 27, 2005;

(b) denying Defendants' Counterclaims in their entirety; and

(c) awarding Plaintiffs such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ William M. Lafferty
R. Judson Scaggs, Jr. (#2676)
William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
   Attorneys for Plaintiffs and Counterclaim
   Defendants QCP Investors, LLC, QCP Investors
   II, LLC And Quad-C Management, Inc.

OF COUNSEL:

Glenn M. Kurtz
Robert E. Tiedemann
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

November 7, 2005

## CERTIFICATE OF SERVICE

I, William M. Lafferty, hereby certify that on November 7th, 2005 I electronically filed the **Reply And Affirmative Defenses To Counterclaim**, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

Gregory A. Inskip
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

I also certify that copies were caused to be served on November 7th, 2005 upon the following in the manner indicated:

**BY HAND:**

Gregory A. Inskip
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

                MORRIS, NICHOLS, ARSHT & TUNNELL

                /s/ William M. Lafferty
                William M. Lafferty (#2755)
                1201 N. Market Street
                Wilmington, Delaware 19801
                (302) 658-9200
                wlafferty@mnat.com
                    Attorneys for Plaintiffs and Counterclaim
                    Defendants QCP Investors, LLC, QCP Investors
                    II, LLC And Quad-C Management, Inc.

November 7, 2005